# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HERMAN LEROY FRISTOE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 11-CV-546-JHP-PJC |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

On August 31, 2011, the Court received for filing Petitioner's petition for writ of habeas corpus (Dkt. # 1). Petitioner, a prisoner in federal custody at USP Leavenworth and appearing *pro se*, filed his petition under the authority of 28 U.S.C. § 2241. See Dkt. # 1. He seeks reduction of his enhanced sentence, entered in N.D. Okla. Case No. 07-CR-075-CVE, alleging that his prior convictions "had since been expired and civil rights were restored." Id.

After reviewing the petition submitted by Petitioner, this Court finds that the claims raised in this petition are consistent with a § 2255 motion rather than a petition pursuant to § 2241. A petition for a writ of habeas corpus filed under § 2241 and a motion for sentencing relief under § 2255 are not interchangeable. Section 2241 is intended to provide a remedy for challenges to the execution of a sentence while § 2255 provides the "*exclusive* remedy for testing the validity of a judgment and sentence." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (emphasis added). Unless the remedy provided by § 2255 is inadequate or ineffective, it is the exclusive remedy for testing the legality of the detention. 28 U.S.C. § 2255; see also Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Because Petitioner challenges the validity of his sentence entered in N.D. Okla. Case No. 07-CR-075-CVE, the Court finds that 28 U.S.C. § 2255 provides the exclusive remedy for Petitioner's claims raised in this action.

The docket sheet for N.D. Okla. Case No. 07-CR-075-CVE demonstrates that Petitioner has previously filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction entered in that case. The Court denied the § 2255 motion on January 27, 2010. Petitioner appealed. On July 13, 2010, the Tenth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. Petitioner filed a petition for writ of certiorari at the United States Supreme Court. That request was denied on February 22, 2011. Most recently, on July 5, 2011, Petitioner filed a petition for permission to file a second or successive § 2255 motion at the Tenth Circuit. That request was denied by Order filed July 27, 2011.

Based on Petitioner's prior efforts to challenge his sentence, any subsequent § 2255 motion would be a successive motion requiring authorization for filing from the Tenth Circuit Court of Appeals. See 28 U.S.C. §§ 2255, 2244(b). Unless Petitioner receives the required authorization, this Court lacks jurisdiction to consider claims asserted in a successive § 2255 motion. 28 U.S.C. § 2255(h); In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008).

Petitioner does not indicate why he should be allowed to challenge the validity of his sentence under § 2241 when the exclusive remedy is provided by § 2255. Petitioner has made no showing suggesting that § 2255 is inadequate or ineffective for raising his claim. The Tenth Circuit has expressly held that "habeas corpus is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." Williams, 323 F.2d at 673. Furthermore, "'[f]ailure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective.'" Prost v. Anderson, 636 F.3d 578, 585 (10th Cir. 2011) (quoting Bradshaw, 86 F.3d at 166). In addition, restrictions on filing successive § 2255 motions do not

2

render the § 2255 remedy inadequate or ineffective. See Sines v. Wilner, 609 F.3d 1070, 1073 (10th Cir. 2010).

Furthermore, the Court notes that had Petitioner asserted claims properly adjudicated under § 2241, this Court would lack jurisdiction to consider the claims because a § 2241 petition is properly filed in the district in which the prisoner is confined. See, e.g., Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000). Petitioner is not confined in this district. As a result, the Court would lack jurisdiction to decide any claim properly brought under § 2241. See United States v. Scott, 803 F.2d 1095, 1096 (10th Cir. 1986) (per curiam).

The Court finds that § 2255 provides the exclusive remedy for claims raised in the instant § 2241 petition. Petitioner has not obtained prior authorization from the Tenth Circuit Court of Appeals before filing a successive § 2255 motion. Under either § 2241 or § 2255, the Court lacks jurisdiction to consider Petitioner's claims. Therefore, the petition filed pursuant to § 2241 shall be dismissed for lack of jurisdiction.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. # 1) is **dismissed** for lack of jurisdiction. Petitioner may file a second or successive motion pursuant to § 2255 in this Court only if he is first granted authorization by the Tenth Circuit Court of Appeals.

DATED THIS 27th day of September 2011.

James H. Payne
United States District Judge
Northern District of Oklahoma